UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
CHARLES LOCKLEAR, on behalf of himself
and all others similarly situated,

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 8 2012 ★
BROOKLYN OFFICE

**CLASS ACTION**
**COMPLAINT**

                    Plaintiff,

          v.

AMS SERVICING, LLC

                    Defendant.
------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 1 8 2012 ★
BROOKLYN OFFICE

CV1 2 - 3053

WEXLER. J.

TOMLINSON, M.J

Plaintiff, by his attorney The Law Offices of Shimshon Wexler, P.C., as and for his

complaint against the defendant, on behalf of a class pursuant to Rule 23 alleges as follows:

## INTRODUCTION

1.    This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15

U.S.C. §1692 *et seq*.

2.    The FDCPA regulates the conduct of debt collectors.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant does business within this District;

b.    The acts giving rise to this lawsuit occurred within this district.

## PARTIES

5.    Plaintiff, Charles Locklear, is an individual who resides in Valley Stream, New York.

6.      Defendant, AMS Servicing, LLC, is a limited liability corporation chartered under Delaware law with offices at 3374 Walden Avenue in Depew, New York 14043.

7.      Upon information and belief, AMS is engaged in the business of collecting debts.

8.      Upon information and belief, AMS collects debts for others.

9.      Upon information and belief, AMS is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

10.     AMS has a New York City Department of Consumer Affairs license for being a debt collector. Its license number is 1299411.

11.     The requirement to obtain a license to be a New York City debt collector would only apply if the company is a debt collector as defined by the FDCPA.

## FACTS

12.     On or about January 25th, 2012 plaintiff received a letter from AMS. See Exhibit A.

13.     The letter has AMS's name and logo.

14.     The letter was the first letter sent by AMS.

15.     The letter was a communication as defined by the FDCPA.

16.     In sending the letter, AMS sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal mortgage loan.

17.     At the time of the mailing of the letter, AMS was a debt collector as defined by the FDCPA as it pertains to its relationship with the plaintiff because when AMS began servicing the loan it was already in default. See Exhibit B.

18.     Upon information and belief, the letter did not state that it was an attempt to collect a debt.

19.    Upon information and belief, the letter did not state various disclosures which are required by the FDCPA Section "g".

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The voice message violates 15 U.S.C. §§1692, 1692e and 1692g.

22.    Section 1692e entitled False or Misleading Representations provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

23.    By mailing the letter, AMS violated the above quoted provision of the statute because it failed to tell the consumer it was a debt collector.

24.    AMS is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

25.    Section 1692g entitled Validation of Debts provides:

(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.    Upon information and belief, the letter was the initial communication and there was no communication to plaintiff within 5 days of the letter with the 5 required disclosures enumerated in the previous paragraph.

27.    The letter did not state §1692g disclosures number 2,3,4 and 5.

28.    AMS is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k

because of the FDCPA violation.


## CLASS ALLEGATIONS

29.      Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil

Procedure Rule 23(a) and 23(b) (3).

30.      The class consists of (a) all individuals (b) with a New York address (c) who have

received an initial communication from AMS in the form of Exhibit A when the loan was

already in default(d) on or after a date one year prior to the filing of this action and on or before a

date 20 days after the filing of this action where (e) AMS did not disclose that it was a debt

collector and did not give the required FDCPA Section "g" notices.

31.　　　The class is so numerous that joinder of all members is not practicable.  On

information and belief, there are at least 40 members of the class.

32.　　　There are questions of law and fact common to the class, which common questions

predominate over any questions relating to individual class members.  The predominant common

question is whether the contents, or lack thereof, of the communication violate the Fair Debt

Collection Practices Act.

33.　　　Plaintiff's claim is typical of the claims of the class members.  All are based on the

same factual and legal theories.

34.　　　Plaintiff will fairly and adequately represent the class members.  Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

35.　　　A class action is superior for the fair and efficient adjudication of this matter, in that:

　　　　　a.　　　Individual actions are not economically feasible;

　　　　　b.　　　Members of the class are likely to be unaware of their rights;

　　　　　c.　　　Congress intended class actions to be the principal enforcement mechanism

under the FDCPA.


　　　　　　　**WHEREFORE**, the Court should enter judgment in favor of plaintiff and

the class and against the defendant for:

　　　　　　　(1)　　　Statutory damages;

　　　　　　　(2)　　　Attorney's fees, litigation expenses and costs of suit;

　　　　　　　(3)　　　Such other and further relief as the Court deems proper.

Dated: New York, New York
        June 15, 2012

The Law Offices of Shimshon Wexler, PC

By:_____

Shimshon Wexler (SW0770)
Attorney for Plaintiff
2710 Broadway, 2Fl
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
        Shimshon Wexler

# EXHIBIT A

# ▓▓▌▐ **AMS** Servicing, LLC

January 25, 2012

JOANN LOCKLEAR
CHARLES LOCKLEAR
57 ASH ST
VALLEY STEAM, NY 11580

Property Address: 57 ASH ST
              VALLEY STEAM, NY 11580

| | |
|---|---|
| Old Account Number: | 2000582161 |
| New Account Number: | 5007409 |
| Current Principal Balance: | $482,188.74 |
| Current Escrow Balance: | ($4,441.24) |
| Next Due Date: | 8/1/2011 |
| Total Payment: | $2,451.79 |

Dear Borrower(s):

We would like to take this opportunity to welcome you to AMS Servicing, LLC.

The assignment, sale, or transfer of the servicing of your mortgage to AMS Servicing, LLC does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

*The following provides some key information about your mortgage loan.*

Effective January 20, 2012, the effective date of transfer, Saxon will cease to accept payments relating to your loan and AMS Servicing, LLC will begin to accept such payments.

You will receive a monthly billing statement with a detachable coupon to be returned with your payment. Your statement will indicate any transactions that have occurred on your mortgage account from the previous month. Your mortgage account is due on the date specified in your mortgage documents. A late charge will be assessed if your payment is not received within the grace period.

Each January, we will provide a tax statement showing the amount of interest you paid during the previous year. For tax year 2012 AMS Servicing, LLC will provide you with a tax statement that contains interest paid beginning January 20, 2012 until December 31, 2012. Your previous loan servicer(s) will provide a tax statement for January 1, 2011 until January 19, 2012.

The name and contact information for your previous servicer was:

Saxon
P.O. Box 161489
Fort Worth, TX 76161
1-800-594-8422

If you wish to contact us, our business address is as follows:

AMS Servicing, LLC
3374 Walden Avenue, Suite 120
Depew, NY 14043
1-866-919-5608

Monday through Thursday 8:15 a.m. to 10:00 p.m., EST
Friday 8:15 a.m. to 5:00 p.m., EST

Colorado residents: You also have the option of contacting our in-state office:
Colorado Manager, Inc. 80 Garden Center, Suite 3, Broomfield, CO 80020 / Phone: 303-920-4763

For your review, we have enclosed an important notice containing information required under RESPA concerning the transfer of servicing.

AMS Servicing, LLC looks forward to the opportunity to service your loan and is committed to providing you with service excellence in the future.

Sincerely,

AMS Servicing, LLC

# EXHIBIT B

# SAXON

44700 Mercantile Drive
Fort Worth, Texas 76137-3605

November 8, 2011

Joann Locklear
Charles Locklear
57 ASH ST
VALLEY STREAM, NY 11580-4811

Loan Number:      2000582161
Property Address:  57 Ash St
                   Valley Steam, NY 11580

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

This letter is formal notice by Saxon Mortgage Services, Inc. (herein as "Saxon") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ( "Security Instrument") is in default for failure to pay amounts due.

The loan is due for 07/01/2011 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $12,507.06, which consists of the following:

| | |
|---|---|
| Next Payment Due Date: | 07/01/2011 |
| Total Monthly Payments Due: | $12,258.95 |
| (5 @ $2,451.79) | |
| Late Charges: | $94.74 |
| Other Charges:  Other Fees: | $0.00 |
| Corporate Advance Balance: | $224.58 |
| Unapplied Balance: | ($71.21) |
| TOTAL YOU MUST PAY TO CURE DEFAULT: | $12,507.06 |

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that Saxon paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $12,507.06. If the default, together with additional payments that subsequently become due, is not cured by December 11, 2011, Saxon will take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the property.



BR108
Page 1 of 3

2257110196